386 So.2d 299 (1980)
XEROGRAPHIC SUPPLIES CORPORATION, Appellant,
v.
HERTZ COMMERCIAL LEASING CORPORATION, Appellee.
No. 79-1099.
District Court of Appeal of Florida, Third District.
July 29, 1980.
Highsmith & Strauss and Philip Glatzer, Miami, for appellant.
No appearance, for appellee.
Before HUBBART, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
This is an appeal from a judgment entered on a cross-claim for indemnity in an action arising out of contracts to sell, finance, and lease a copy machine.
Appellant (Xerographic) entered into a contract for the sale of the copier with Mr. Kenworthy.[1] The contract indicated that a service contract would be available to Mr. Kenworthy which the parties did, in fact enter into. Appellee (Hertz) and Mr. Kenworthy entered into a lease application and agreement for the copier. The terms of this agreement indicated that Hertz would finance the purchase by paying for the copier and leasing it back to Mr. Kenworthy.
It is undisputed that the copier was defective. Xerographic notified Kenworthy that it would no longer service the copier for him. Kenworthy then filed a complaint for declaratory relief against Xerographic and Hertz seeking to be relieved of his contractual obligation to lease the copier. Hertz, in turn, filed a cross-claim against Xerographic for indemnity in the event the court granted the relief sought by Kenworthy. In its cross-claim, Hertz alleged it was entitled to indemnification for its resulting loss on the ground that the copier "carried with it a warranty of fitness for use" and that Hertz was "in no manner liable for the purported lack of merchantability, quality, and performance of the equipment."
In its judgment, the trial court found that the Hertz lease agreement failed to contain the provision set forth in 16 Code of Federal Regulations, Section 433.2, which states:

*300 NOTICE
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT THERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
This provision allows a consumer to set up, against one who finances a purchase, those defenses which could be asserted against the seller of goods and is required in an agreement to finance a purchase such as that entered into between Hertz and Kenworthy. In relieving Kenworthy of his obligation to continue making payments on the lease of the copier, the trial court read into the contract this provision and allowed him to assert the defense that the copier was defective which the court felt could be asserted against Xerographic. The court determined Hertz to be responsible because "it is standing in the place and stead of the Defendant, Xerographic... ." In the cross-claim for indemnity, the court then allowed Hertz to recover from Xerographic damages Hertz sustained in losing the benefit of the rental contract.
The contract of sale between Xerographic and Kenworthy contained a disclaimer of all express or implied warranties other than those product warranties made by the manufacturer which was set forth in the agreement as follows:
PRODUCT WARRANTY: THE FOLLOWING WARRANTY IS THE ONLY WARRANTY EXTENDED BY XSC AND IS IN LIEU OF ALL OTHER WARRANTIES EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, OTHER THAN USUAL FACTORY WARRANTIES MADE BY THE MANUFACTURER.
Xerographic contends that this disclaimer was in compliance with requirements of Section 672.316(2) and 671.201(10), Florida Statutes (1975), and therefore should have been given effect.[2]
The trial court, however, held that the disclaimer of warranties in the Xerographic/Kenworthy contract was "ineffective as a matter of law under the circumstances involved in this case." We find this to be error and reverse.
Having complied with the requirements of Section 672.316(2), Florida Statutes (1975), Xerographic had effectively disclaimed all warranties for the copier in its contract of sale with Kenworthy. 28 Fla. Jur. Sales § 149. Since Xerographic would not have been liable to Kenworthy, it was error for the trial court to grant a judgment on Hertz' cross-claim based on a theory that Xerographic breached certain warranties.
The final judgment on the cross-claim must be and is reversed.
NOTES
[1] Mr. Kenworthy, not a party to this appeal, was the user of the copier and plaintiff in the main claim below.
[2] Section 672.316(2) sets forth the language that must be included in any valid disclaimer as well as the requirement that the disclaimer be conspicuous. Section 671.201(10) defines the term "conspicuous."