404 So.2d 1087 (1981)
RUDY'S GLASS CONSTRUCTION COMPANY and Rodolfo Villanueva, Appellants,
v.
E.F. JOHNSON COMPANY, Appellee.
No. 80-1119.
District Court of Appeal of Florida, Third District.
October 6, 1981.
Rehearing Denied November 4, 1981.
*1088 Morales, Rudolph & Hevia and Nestor Morales, Miami, for appellants.
Heitner & Rosenfeld and Allan Stein and Mindy Rodney, North Miami Beach, for appellee.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The issue presented by this appeal is whether a disclaimer of warranty was conspicuous as defined by Section 671.201(10), Florida Statutes (1979) and therefore effective under Section 672.316, Florida Statutes (1979) to exclude or modify an implied warranty of fitness. We find that the disclaimer is conspicuous.
The pertinent provisions of Section 672.316, supra, provide:
672.316 Exclusion or modification of warranties. 
... .
(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."
(3) Notwithstanding subsection (2):
(a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty;
"Conspicuous" is defined in Section 671.201(10), supra, as follows:
(10) A term or clause is "conspicuous" when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is conspicuous if it is in larger or other contrasting type or color. But in a telegram any stated term is conspicuous. Whether a term or clause is conspicuous or not is for decision by the court.
*1089 The contract in question[1] is comprised of a single sheet of paper printed on both sides.[2] The front side contained blank spaces on which the name of the parties, the quantity, model number and the price of the goods were filled in. The bottom of the front side of the contract stated in bold type "The Terms and Conditions are to be found on the reverse hereof and constitute a part of this contract." The reverse side is headed, "TERMS AND CONDITIONS" and contains eleven separately numbered and titled paragraphs.
The last paragraph is titled, "Disclaimer of Warranties" and within it is the following disclaimer:
LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTY WHATSOEVER WITH RESPECT TO THE EQUIPMENT, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS.
It is clear that the words employed in the disclaimer are sufficient to preclude express or implied warranties. Rehurek v. Chrysler Credit Corporation, 262 So.2d 452 (Fla. 2d DCA), cert. denied, 267 So.2d 833 (Fla. 1972). The only question is whether the manner of communicating this disclaimer makes it conspicuous as required by Section 672.316, supra, and defined by Section 671.201(10), supra.
A variety of cases have discussed what constitutes a conspicuous disclaimer. A provision on the reverse side of a disclaimer is not per se inconspicuous. The court in Childers & Venters, Inc. v. Sowards, 460 S.W.2d 343 (Ky. 1970) stated:
In their process of arriving at an appropriate definition of the word "conspicuous" we feel sure that the drafters of the Uniform Commercial Code were not unmindful that commercial institutions customarily use both sides of the paper in printing form contracts that cannot be conveniently compressed into one page. It would have been easy to say, if they had so intended, that in order for language in a contract to be "conspicuous" it must appear on the front sheet or on the same sheet as the signatures. In the absence of such a provision we cannot reasonably construe it so.
Consequently, an examination of the circumstances of each particular case is necessary in order to determine whether a reverse side disclaimer is conspicuous.
Where there is nothing on the face of the writing to call attention to the back of the instrument, it is likely that the disclaimer is inconspicuous. See, e.g., Massey-Ferguson, Inc. v. Utley, 439 S.W.2d 57 (Ky. 1969); Hunt v. Perkins Machinery Co., 352 Mass. 535, 226 N.E.2d 228 (1967). However, several courts have recognized that an otherwise conspicuous disclaimer located on the reverse side of a contract is not rendered inconspicuous if the front of the document contains a noticeable reference to terms or conditions which are located on the reverse side. See, Childers & Venters, Inc. v. Sowards, supra; Todd Equipment Leasing Co. v. Milligan, 395 A.2d 818 (Me. 1978); Houck v. DeBonis, 38 Md. App. 85, 379 A.2d 765 (1977).
On the front of the contract immediately below the signature, was a reference to the terms and conditions of the contract contained on the reverse side of the document. This provided the purchaser/lessee with adequate notice that he was agreeing to other provisions which were on the back of the contract.
As indicated by the definition contained in 671.201(10), Florida Statutes (1979), language *1090 in the body of a form is conspicuous if it is in larger or contrasting type or color. There must be more than a slight contrast against the balance of the instrument. Dorman v. International Harvester Co., 46 Cal. App.3d 11, 120 Cal. Rptr. 516 (1975). Here, the disclaimer appeared in all capital letters and was the only writing in capitals on the page. The disclaimer was set forth in a separate paragraph titled, "Disclaimer of Warranties." Under similar facts, courts have found a disclaimer to be conspicuous. See, e.g., Billings v. Joseph Harris Company, Inc., 27 N.C. App. 689, 220 S.E.2d 361 (1975), aff'd, 290 N.C. 502, 226 S.E.2d 321 (1976); Collins Radio Co. of Dallas v. Bell, 623 P.2d 1039 (Okl.App. 1980). The reference on the front of the document to terms and conditions stated on the back, when coupled with the separate paragraph titled, "Disclaimer of Warranties," and the contrasting type, clearly causes this disclaimer to fall within the requirements of 672.316, supra.
For the foregoing reasons, the decision of the trial court is affirmed.
SCHWARTZ, Judge (dissenting).
The appellee undoubtedly breached an implied warranty that the radio equipment it supplied the appellants was fit for the purpose intended. The trial judge presumably held, however, that the warranty was effectively excluded by a written disclaimer. The court agrees with this conclusion. I cannot.
Under Section 672.316, Fla. Stat. (1979), "to exclude or modify any implied warranty of fitness the exclusion must be ... conspicuous." See, Xerographic Supplies Corp. v. Hertz Commercial Leasing Corp., 386 So.2d 299 (Fla. 3d DCA 1980). The disclaimer involved here is on the reverse side of the two-page agreement between the parties, is contained among a mass of other provisions, and, most important, is in letters of which "fine print" is a highly understated description. It is true both that the exclusion is in all capital letters, as opposed to the even-tinier lower case printing which surrounds it, and that the definition of "conspicuous" in Sec. 671.201(10) includes the statement that "[l]anguage in the body of a form is `conspicuous' if it is in larger or other contrasting type or color." But the provision states in its entirety:
(10) A term or clause is "conspicuous" when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is `conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is conspicuous. Whether a term or clause is conspicuous or not is for decision by the court. [e.s.]
Since the subsection specifically provides only that "all caps" in a heading are conspicuous, it seems clear by negative implication that capitals of the same size and color placed, as here, in the body, are not.
Moreover, as the Uniform Commercial Code comment to the definition states at 19A Fla. Stat. Ann. 62 (1966):
10. `Conspicuous'. New. This is intended to indicate some of the methods of making a term attention-calling. But the test is whether attention can reasonably be expected to be called to it. [e.s.]
Since, under all the circumstances which have been described, attention could not reasonably be expected to be called to the alleged exclusion, I would hold it inconspicuous as a matter of law. Williams v. College Dodge, Inc., 11 U.C.C.R.S. 958 (Mich. Dist.Ct. 1972); Salov v. Don Allen Chevrolet Co., 55 Pa. D. & C.2d 180 (C.P. Allegheny County 1971); Sarnecki v. Al Johns Pontiac, 56 Luzerne Reg. 293 (C.P. Luzerne County 1971); see also, Dorman v. International Harvester Co., 46 Cal. App.3d 11, 120 Cal. Rptr. 516 (1975); Hunt v. Perkins Machinery Co., 352 Mass. 535, 226 N.E.2d 228 (1967); see, generally, Annot., Implied Warranty Disclaimer as "Conspicuous," 73 A.L.R.3d 248 (1976). I do not believe that microscopic printing becomes conspicuous merely because it is placed next to submicroscopic printing, unless the consumer happens to have a microscope. Since the appellants did not, I would reverse.
*1091 
*1092 
*1093 
*1094 
NOTES
[1] The contract designates the parties as "Lessor" and "Lessee" and speaks of "Equipment and service being leased." We note, however, that the contract has a "$100 buy out purchase option" and is in reality a financing device to pay for the equipment over a 5 year period. Additionally, a number of courts have recognized that the warranty provisions of the U.C.C. are applicable to transactions involving chattel leases. See, Xerographic Supplies Corporation v. Hertz Commercial Leasing Corporation, 386 So.2d 299 (Fla. 3d DCA 1980); Annot., Application of Warranty Provisions of Uniform Commercial Code to Bailments, 48 A.L.R.3d 668 (1973).
[2] The lease has been reproduced in full in the accompanying appendix.