446 So.2d 245 (1984)
TREE CONSTRUCTION CORPORATION, a Florida Corporation, Appellant,
v.
Charles W. CAPLINGER and Charlece Caplinger, His Wife, Appellees.
No. 83-871.
District Court of Appeal of Florida, Fourth District.
March 7, 1984.
Rehearing Denied March 23, 1984.
John Edgar Sherrard, Fort Pierce, for appellant.
Karen O'Brien Steger of McManus, Stewart & Ferraro, P.A., Stuart, for appellees.
PER CURIAM.
This is an appeal from a final judgment entered on a counterclaim in a construction defects case. The counterclaimant was the homeowner and the counterdefendant was the builder and seller of the home. The main action, as originally filed between the parties, also involved a mortgage foreclosure. The trial court denied foreclosure and this ruling is not contested on appeal. The trial court assessed damages in favor of the homeowner and the builder/seller appeals. We reverse and remand for further proceedings.
The trial court was presented with evidence from appellees' expert that the repair costs and the consequential damages to the home would exceed $20,000. The appellant's version was to the effect that repairs could be accomplished for approximately $1500. On appeal, both sides argue adamantly as to the believability of the witnesses, their competence and lack of competence, and the reasonableness and unreasonableness of the needed and allegedly unneeded repairs to the home. There was substantial conflict before the trial court about almost everything in the lawsuit.
The court awarded damages of $11,600 based on the testimony of an assistant county property appraiser that the house had sustained a 20% diminution in value. The appellant contends that this was erroneous under Grossman Holdings Limited v. Hourihan, 414 So.2d 1037 (Fla. 1982), and Temple Beth Sholom v. Thyne Construction Corp., 399 So.2d 525 (Fla. 2d DCA 1981). Appellant contends the only appropriate measure of damages in this case was the cost of repair and that this amount was clearly shown to be in the neighborhood of $1500. We agree that the court here used an improper measure of damages in resorting to the diminution in value rather than employing the cost of repair. This is not a situation where the repair cost would have constituted economic waste. As such, we conclude that the court employed the wrong measure of damages and remand the matter to the trial court for a further trial solely on the issue *246 of damages. We do not agree with appellant's argument as to the amount of damages proven. On remand, the court may receive further evidence in its discretion.
The awards of attorneys' fees and costs are also reversed to be reassessed on remand.
AFFIRMED AS TO LIABILITY AND REVERSED FOR A FURTHER TRIAL ON DAMAGES.
BERANEK, DELL and WALDEN, JJ., concur.