455 So.2d 651 (1984)
CAPITAL ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Jo B. HUDGENS, a/K/a Mary Jo Hudgens, D/B/a North Branch Grocery, Appellee.
No. 83-1159.
District Court of Appeal of Florida Fourth District.
August 15, 1984.
Rehearing Denied September 21, 1984.
*652 Dean J. Trantalis of Warren & Trantalis, Pompano Beach, for appellant.
No brief filed on behalf of appellee.
HURLEY, Judge.
Capital Associates, Inc. (Capital) sued Jo B. Hudgens for breach of a lease agreement. The trial court entered final judgment in favor of Hudgens on ground that Capital failed to offer sufficient proof on the material allegations of its complaint. Capital appeals, contending that the lower court's decision is in error because it introduced uncontradicted evidence on every element of its claim. We agree that the record contains substantial competent evidence to support Capital's claim, but the record also suggests that the trial court denied recovery because it found that the lease agreement was unconscionable. Even so, we must remand for further proceedings because the trial court failed to afford Capital "a reasonable opportunity to present evidence as to [the lease's] commercial setting, purpose and effect... ." § 672.302(2), Fla. Stat. (1983).
The contract between Capital and Hudgens is an equipment lease dated June 30, 1981, pursuant to which Hudgens rented a space invader video game, a pool table and a juke box from Capital. Under the terms of the lease, Hudgens was to make monthly payments of $459.85 for 36 months. The lease expressly provides that it is "non-cancellable" for the 3 year term; that the lessee is to acquire no right to purchase or otherwise acquire title to the equipment unless otherwise agreed in writing, and that upon default (defined in part as failure to pay any rental when due for a period of five days), the lessor may declare the entire amount of unpaid rent for the balance of the term immediately due and payable. The latter acceleration clause is embedded in fine print on the reverse side of the contract.
Hudgens made payments under the lease through April, 1982. On April 23, 1982, she called Capital and requested that the equipment be removed, and All American Vending Corp. was sent to pick up the *653 equipment on that same day. A "Notice of Intent to Sell" dated April 23, 1982, was sent to Hudgens, advising her that Capital intended to sell the equipment at a private sale because of the breach, but that Hudgens could acquire title to the property by tendering the sum of $14,045.51 at any time before the sale.
Capital subsequently solicited bids for the equipment. After receiving three bids, it accepted the highest bid of $1,000 from the vendor, All American Vending Corp. Next, Capital instituted this action against Hudgens to recover the deficiency  $12,093.52, representing the balance of rental payments, state sales tax, late charges and personal property tax, as well as attorney's fees incurred in the collection proceeding. At trial, Hudgens admitted entering the lease and receiving the equipment. However, she testified that at the time of execution of the lease agreement, agents of All American Vending Corp. told her that she was signing a month-to-month lease which she could cancel at her option. She also stated that she was intoxicated at that time.
As an initial matter, we find that the equipment lease at issue here is subject to the provisions of Article II of the Uniform Commercial Code, even though that Article does not expressly apply to leases. Section 672.102, Florida Statutes (1983), provides that "[u]nless the context otherwise requires, this chapter applies to transactions in goods... ." Section 672.105(1), in turn, defines goods as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale... ." We hold that the term "transaction" in section 672.102 is broad enough to encompass leasing agreements and that the pieces of equipment at issue here are movable "things" and thus meet the definition of "goods" set forth in section 672.105. In short, this lease transaction is subject to Article II of the U.C.C. and, therefore, the Code section governing unconscionable contracts or clauses, section 672.302, is applicable. See All States Leasing Co. v. Top Hat Lounge, Inc., 649 P.2d 1250 (Mont. 1982); Walter E. Heller & Co. v. Convalescent Home of the First Church of Deliverance, 49 Ill. App.3d 213, 8 Ill.Dec. 823, 365 N.E.2d 1285 (1977).
Section 672.302, Florida Statutes (1983), provides:
(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.
Under the foregoing statute, a trial court has authority to declare any provision of a contract void on its own initiative if it finds the clause unconscionable after holding the requisite hearing.[1] As indicated, however, the trial court in this case failed to hold the required hearing and, thus, it could not make a definitive finding on unconscionability. This is not to say, however, that the trial court was unjustified in its initial concern. Indeed, the record below contains prima facie evidence of unconscionability. Enforcement of the acceleration clause would allow Capital to recover unaccrued and unearned rent in an amount exceeding $12,000.00 for equipment which it resold *654 for $1,000.00.[2] Since the clause was embedded in a page of fine print and Hudgens was an uncounseled layman, the trial court could easily conclude that the clause is so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. This would permit invocation of section 672.302 to avoid oppression and unfair surprise. See Uniform Commercial Code Comment, § 672.302, Fla. Stat. Ann. (1978); Fairfield Lease Corp. v. Umberto, 7 U.C.C. Rep.Serv. (Callaghan) 1181 (N.Y. Civ. Ct. 1970); cf. Johnson v. Mobil Oil Corp., 415 F. Supp. 264 (E.D. Mich. 1976). See generally, Davenport, Unconscionability and the Uniform Commercial Code, 22 U.Miami L.Rev. 121 (1967).
Since section 672.302(2), Florida Statutes (1983), mandates that whenever unconscionability appears to be a defense to enforcement of a contract or clause, "the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making its determination," and because Capital never had an opportunity to defend the commercial reasonableness of its contract, we must remand this cause to the circuit court with instructions to hold the evidentiary hearing contemplated by section 672.302(2).
REVERSED AND REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] We also note that unconscionability is a good defense to a contract action under Florida case law. See, e.g., Peacock Hotel v. Shipman, 103 Fla. 633, 138 So. 44, 46 (1931), where the Supreme Court stated that when "one party has overreached the other and has gained an unjust and undeserved advantage which it would be inequitable to permit him to enforce, ... a court of equity will not hesitate to interfere, even though the victimized parties owe their predicament largely to their own stupidity and carelessness." See also Point East One Condominium Corp. v. Point East Developers, Inc., 348 So.2d 32 (Fla.3d DCA 1977).
[2] There is some indication in the record that the trial court attached significance to this factor. In addressing plaintiff's attorney, he stated "Does that strike you as curious, counsel, that here's some equipment that isn't a year old and they get $1,000 for it high bid, and curiously enough from the vendor?"