## NICE HOUSE OF MUSIC, INC., etc. v TANDY COMPUTER LEASING, etc.

### Case No. 86-13-AP

Fourth Judicial Circuit, Duval County

October 30, 1986

**OPINION OF THE COURT**

LOUIS SAFER, Circuit Judge.

■■■■■■■■■

## *ORDER AFFIRMING DISMISSAL OF APPELLANTS' COUNTERCLAIM AND AFFIRMING IN PART, AND REVERSING AND REMANDING, IN PART, THE SUMMARY FINAL JUDGMENT GRANTED TO APPELLEE*

Appellants-defendants appeal from a summary final judgment granted in Duval County Court in favor of appellee-plaintiff in an action for breach of a computer equipment lease. Appellants also appeal the order dismissing their counterclaim with prejudice. For the reasons discussed below, the trial court's order dismissing defendants' counterclaim is affirmed and the summary final judgment in favor of plaintiff is affirmed as to liability, but reversed and remanded as to the amount of damages.

### *Facts*

In April 1983, Nice House of Music, Inc. (hereinafter Nice House) entered into a 37-month lease of computer equipment with Tandy Computer Leading (hereinafter TCL). Appellant J. Robert Nice, Secretary-Treasurer of Nice House, executed an individual personal guarantee of the lease obligation. Radio Shack, not TCL, manufactured and supplied the computer equipment, and one of the terms of the TCL-Nice House lease required Nice House to enter into a service agreement with Radio Shack for the equipment. The lease also contained disclaimers of warranty, more fully described below.

Nice House made regular monthly payments pursuant to the lease through March 1985, but did not make any payments thereafter. Nice House returned the computer equipment to TCL in June 1985 and TCL apparently then sold the equipment.

The lease contains an acceleration clause in the event of default and provides for liquidated damages of twenty per cent (20%) of the original investment for lessor's "loss of its residual salvage value at the normal expiration of the Lease." TCL filed suit against defendants for $3,192.49, which it alleged was the amount of the default balance plus liquidated damages less the amount received from resale of the returned equipment.

In their answer, defendants "deny each and every allegation contained in said Complaint and demand strict proof thereof." In addition, defendants raised two affirmative defenses. First, that on one occasion when the equipment was sent in for servicing, different equipment was substituted upon return to defendants without their knowledge or consent. Second, that the leased equipment did not work. Defendants

**133**

also filed a counterclaim against TCL for damages allegedly caused by failure of the leased equipment to work properly.

Upon motions by plaintiff, the trial court entered summary final judgment for plaintiff in the amount of $3,192.49 plus costs and attorney's fees, and dismissed defendants' counterclaim. This appeal by Nice House and J. Robert Nice follows.

## Applicable Law

A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c). In determining whether the entry of summary judgment was proper, the appellate court must view the facts in a light most favorable to the party against whom judgment has been entered and indulge in all proper inferences in favor of such party. However, once a movant for summary judgment tenders competent evidence demonstrating the non-existence of any genuine issue of material fact, the opposing party must come forward with evidence sufficient to reveal that such issue exists. It is not sufficient to merely assert that an issue does exist. *Landers v. Milton,* 370 So.2d 368 (Fla. 1979); *Austin v. City of Mt. Dora,* 417 So.2d 807 (Fla. 5th DCA 1982).

In the case sub judice, TCL moved for summary judgment on the basis of the disclaimer of warranty in the lease agreement, which agreement was attached to its complaint. The disclaimer, which appears in bold face capital letters on the front of the lease, states:

LESSOR, NOT BEING THE MANUFACTURER OR THE SUPPLIER OF THE EQUIPMENT, HAS NOT MADE AND DOES NOT MAKE ANY REPRESENTATION, WARRANTY OR COVENANT, EXPRESSED OR IMPLIED, WITH RESPECT TO THE DELIVERY, DESIGN, CONDITION, DURABILITY, SUITABILITY, FITNESS FOR USE OR MERCHANTABILITY OF THE EQUIPMENT IN ANY RESPECT. THE EQUIPMENT SHALL BE ACCEPTED AND LEASED BY LESSEE "AS IS." LESSEE AGREES TO SETTLE ALL CLAIMS DIRECTLY WITH THE SUPPLIER AND WILL NOT ASSERT ANY SUCH CLAIMS AGAINST LESSOR OR LESSOR'S ASSIGNEE. EXCEPT AS HEREINAFTER PROVIDED, THIS LEASE IS NON-CANCELLABLE. THE EQUIPMENT IS TO BE INSURED BY LESSEE.

In addition, the following disclaimer appears on the back of the lease agreement:

LESSOR, NOT BEING SUPPLIER OF THE EQUIPMENT, HAS PURCHASED THE EQUIPMENT AT THE REQUEST OF LESSEE, WHO HAS SELECTED THE EQUIPMENT TO SUIT ITS OWN REQUIREMENTS, LESSOR IS NOT AN AGENT OR REPRESENTATIVE OF THE SUPPIER NOR IS THE SUPPLIER AN AGENT OR REPRESENTATIVE OF LESSOR. ANY REPRESENTATION, PROMISES OR CONDITIONS NOT CONTAINED HEREIN SHALL NOT BE BINDING UNLESS IN WRITING AND SIGNED BY SUCH DULY AUTHORIZED REPRESENTATIVE OF LESSOR.

Although Article II of the Uniform Commercial Code (UCC), Chapter 672, Florida Statutes (1985) does not expressly refer to leases, a number of Florida courts have recognized that its provisions are applicable to transactions involving chattel leases. *Capital Associates, Inc. v. Hudgens*, 455 So.2d 651 (Fla. 4th DCA 1984); *Rudy's Glass Construction Co. v. E. F. Johnson Co.*, 404 So.2d 1087 (Fla. 3d DCA 1981); *Xerographic Supplies Corp. v. Hertz Commercial Leasing Corp.*, 386 So.2d 299 (Fla. 3d DCA 1980). therefore, the lease at issue here is subject to the provisions of the UCC. § 672.316 Florida Statutes (1985) sets forth the language a disclaimer of warranty must contain in order to be valid and requires that the disclaimer be conspicuous. The disclaimers in the Nice House-TCL lease quoted above clearly comply with the requirements of § 672.316 and TCL has thus effectively disclaimed liability with regard to the leased computer equipment. Further, disclaimers similar to the ones in the lease here have been held to be valid and binding in other cases. See *Earman Oil Co., Inc. v. Burroughs Corp.*, 625 F.2d 1291 (5th Cir. 1980); *Rudy's Glass Const. Co., supra*; *Xerographic Supplies Corp., supra*.

Plaintiff met its burden for summary judgment on the issue of liability because the pleadings and other documents in the record showed breach of the lease agreement by defendants and that plaintiff had effectively disclaimed liability as to the equipment leased. The burden shifted to defendants to show a genuine issue of material fact and this burden was not met. Defendants' allegation with regard to the failures of the equipment does not raise an issue of material fact in light of the disclaimers. The allegation that the wrong equipment was returned following servicing also does not help defendant in this law suit. Defendant's own evidence shows that the service agreement was with Radio Shack, therefore if the wrong equipment was returned this

**135**

was done by Radio Shack, not TCL. In the lease agreement, as quoted, defendants agreed to settle their claims with the supplier, Radio Shack, and not to assert any such claims against the lessor. Therefore, the summary judgment entered against defendants was correct insofar as it determined liability for breach of the lease agreement with plaintiff. The trial judge also correctly dismissed defendants' counterclaim, in light of the valid disclaimers. The issue of damages, however, is a different matter.

The sole evidence submitted by plaintiff to support the amount of damages claimed was an affidavit in support of motion for summary judgment and in proof of claim by Joan Myers, Delinquency Manager of TCL. Ms. Myers is located in Texas, yet she swears to a conclusion that she has personal knowledge of all facts. Did she sell the equipment? How does she know the resale amount? Assuming the equipment was sold in Jacksonville, does a report from an employee in Jacksonville constitute personal knowledge? Ms. Myers' affidavit stated that defendants were indebted to plaintiff by $3,192.49 which figure was arrived at after calculating the amount of the default balance and liquidated damages less the security deposit and the amount made on resale. Plaintiff did not submit any breakdown whatsoever as to how it arrived at the $3,192.49 figure or any other proof of damages besides Ms. Myers' statement. It should also be noted that paragraph eleven of plaintiff's complaint does not correctly track the language of the lease with regard to liquidated damages. Paragraph twelve of the lease provides for, among other remedies, "liquidated damages in an amount equal to twenty percent (20%) of Lessor's *original investment* in the equipment for lessor's loss of residual salvage value at the normal expiration of the lease"; but paragraph eleven of the complaint alleges that plaintiff is entitled to, among other remedies, "twenty percent (20%) of the *original equipment costs*". While Ms. Myers' affidavit refers to liquidated damages of twenty percent (20%) of original investment, due to the affidavit's lack of particulars it does not clear up the inconsistency in language between paragraph eleven of the complaint and paragraph twelve of the lease.

Florida Rule of Civil Procedure 1.510(e) provides in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

In *Samuels v. Magnum Realty Corp.*, 431 So.2d 241 (Fla. 1st DCA

1983), the plaintiff-landlord submitted an affidavit stating that he expended approximately $3,000.00 to remodel the premises for a new tenant after defendant breached a lease, and the First District held that the landlord's statement, "without any supporting particulars, is non-conclusive, so as to cast doubt upon its sufficiency under Rule 1.510(e)." See also *Silver v. Campus Sweater & Sportswear*, 313 So.2d 409 (Fla. 1st DCA 1975).

Ms. Myers' affidavit is little more than a conclusion without supporting facts. The summary final judgment as to the amount of damages was entered before the necessary proof was established, and therefore the burden never shifted to defendants on this issue. The cases cited by appellee regarding general denial are distinguishable. For example, in *Sherman v. Weintraub*, 132 So.2d 421 (Fla. 3d DCA 1961), the plaintiff, in moving for summary judgment, served affidavits sufficient to establish each element of his case. This was not done in the instant case with regard to damages.

There is a genuine issue as to the amount of damages recoverable and that portion of the judgment awarding damages, including fees and costs, is reversed and remanded. On remand, plaintiff should submit evidence, either by affidavit or otherwise, indicating specific numbers for the following items used to compute damages here:

+ —default balance

+ —20% of original investment

− $427.08 security deposit

− —resale amount

Balance —

The amount of the security deposit is indicated on the front of the lease agreement, but the other figures are missing from the record.

Finally, appellee's request for attorneys' fees on appeal is denied at this time as neither party has totally prevailed.

AFFIRMED in part, and REVERSED and REMANDED in part.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 30th day of October, 1986.