528 So.2d 1381 (1988)
LATITE ROOFING COMPANY, INC., Appellant,
v.
August URBANEK and Sidney Kohl, Appellees.
No. 87-0244.
District Court of Appeal of Florida, Fourth District.
August 10, 1988.
*1382 William H. Benson of Benson, Stallons & Moyle, Fort Lauderdale, for appellant.
Amy S. Rubin of Shutts & Bowen, West Palm Beach, for appellees.
DOWNEY, Judge.
Appellant, Latite Roofing Company, Inc. (Latite), appeals from a final judgment entered upon a jury verdict in favor of appellees, August Urbanek and Sidney Kohl (Urbanek).
This litigation arose out of the construction of a shopping center in Lake Worth, Florida, which began in 1978. Latite was the roofing contractor and constructed most of the roof area on the shopping center before being compelled to stop work on the job. Urbanek and Kohl purchased the center after work had been stopped and before recommencement and completion of the project. In 1983 Urbanek filed a complaint against Latite seeking damages for the negligent construction and installation of the roof on the center. After a jury trial in which the jury found Urbanek suffered damages in the amount of $100,000, but was 20% negligent, judgment was entered for Urbanek for $80,000 and Latite filed this appeal.
Six points are presented for our consideration, none of which demonstrate reversible error; thus we affirm the judgment appealed from.
Latite's first appellate point is that its motion for directed verdict should have been granted because Urbanek could not prevail on the legal theory chosen. Latite argues that, since no personal injury or property damage was sustained, a cause of action in negligence does not lie to recover only economic losses when no privity of contract exists between the parties. While there are ostensibly cases that support Latite's contentions under this point, we do not believe they are apposite in the present case.
Florida has long since joined the majority view in the United States in holding that recovery for purely economic losses under a negligent tort theory is normally not allowed absent a claim for personal injuries or property damage. AFM Corp. v. Southern Bell Telephone and Telegraph Co., 515 So.2d 180 (Fla. 1987). See also East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986); Seely v. White Motor Co., 63 Cal.2d 9, 403 P.2d 145, *1383 45 Cal. Rptr. 17 (1965); Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla. 1987); Affiliates For Evaluation And Therapy, Inc. v. Viasyn Corp, 500 So.2d 688 (Fla. 3d DCA 1987); GAF Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA 1984). This majority view is set forth in Prosser, The Law of Torts § 101 (4th ed. 1971), as follows:
There can be no doubt that the seller's liability for negligence covers any kind of physical harm, including not only personal injuries, but also property damage to the defective chattel itself, as where an automobile is wrecked by reason of its own bad brakes, as well as damage to any other property in the vicinity. But where there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the courts have adhered to the rule to be encountered later, that purely economic interests are not entitled to protection against mere negligence, and so have denied the recovery.
The rationale of this rule is described by Justice Traynor in Seely as follows:
The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the "luck" of one plaintiff in having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands. A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will. Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone.
63 Cal.2d at 18, 403 P.2d at 151, 45 Cal. Rptr. at 23. As the Supreme Court of Florida pointed out in AFM Corp. v. Southern Bell Telephone and Telegraph Co., the court allowed the recovery of solely economic losses in a tort action in A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973), because the plaintiff had no alternative theory upon which to recover its economic damages. Thus, it seems clear that invocation of the rule precluding tort claims for only economic losses applies only when there are alternative theories of recovery better suited to compensate the damaged party for a peculiar kind of loss.
In the present case the complaint is cast in negligence, which appears to be Urbanek's sole theory upon which recovery can be had against Latite. Accordingly, we believe that the judgment for Urbanek's economic damages for cost of repair should be affirmed.
Secondly, Latite contends the court erred in not directing a verdict because Urbanek failed to adduce any proof of the correct measure of damages. It argues that the proper measure was the difference between the value of the building as actually designed and constructed and the value thereof if it had been properly designed and constructed. The evidence adduced by Urbanek to prove his damages was the cost to repair the roof due to Latite's negligent workmanship. That is the proper measure of damages in this factual scenario. Pearce & Pearce, Inc. v. Kroh Brothers Development Co., 474 So.2d 369 (Fla. 1st DCA 1985); Tree Construction Corp. v. Caplinger, 446 So.2d 245 (Fla. 4th DCA 1984).
Next, Latite contends that, under the doctrine of Slavin v. Kay, 108 So.2d 462 (Fla. 1958), since Urbanek purchased the property in a state of partial completion, he assumed responsibility for all defects since they were open and obvious. *1384 Unfortunately for Latite, Slavin does not help here. Slavin involved an injured third party suing a contractor, whereas here we have an owner suing the contractor. But more importantly, the evidence supports the conclusion that most of the defects involved here were latent and hidden.
Latite's next point is that, because there were sufficient intervening causes to negate a finding by the jury that its actions were the proximate cause of the defects, the trial court erred in failing to direct a verdict in Latite's favor on this issue. However, a review of the record reveals substantial competent evidence to support the jury's verdict in this regard.
Latite's other two points involve a discretionary trial decision on the admission of evidence, which did not comply with the trial court's discovery deadline order, and a refusal to admit Urbanek's purchase contract into evidence to show the purchase price paid and that the building was not completed. However, the evidence is such that the latter ruling is harmless error at best and the former was within the court's discretion in controlling the trial of the case.
In sum, we simply find no basis upon which the judgment should be reversed.
AFFIRMED.
LETTS and GUNTHER, JJ., concur.