**INTERFASE MARKETING, INC., Plaintiff,**

v.

**PIONEER TECHNOLOGIES GROUP, INC., Digital Equipment Corporation, and KSH Systems, Inc., Defendants.**

No. 91–572–Civ–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Sept. 12, 1991.

---

**1.** The fact that this case involves both arrest and attachment does not distinguish it from *Atwood.*

See also 774 F.Supp. 1355.

William Cook Ballard, Fisher & Sauls, P.A., St. Petersburg, Fla., for Interfase Marketing, Inc.

James Alexander Bledsoe, Jr., Bledsoe, Schmidt, Lippes & Adams, Jacksonville, Fla., for Pioneer Technologies Group, Inc.

Willa Clarissa Broughton, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., and C. David Vaughan, Vaughan & Murphy, Atlanta, Ga., for Digital Equipment Corp.

Stephen J. Powell, Holland & Knight, Tampa, Fla., for KSH Systems, Inc.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause of action is before the Court on Defendant Pioneer Technologies Group, Inc.'s (hereafter "Pioneer") motion to dismiss Counts I, III, and V of the Amended Complaint, filed on July 5, 1991, and opposition thereto, filed July 18, 1991.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view that complaint in the

light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

The amended complaint in this action was filed June 17, 1991, against Pioneer, Digital Equipment Corporation, and KSH Systems, Inc. The complaint contained the following causes of action against Defendant Pioneer: 1) fraudulent misrepresentation; 2) breach of an implied warranty of fitness for a particular purpose as provided by § 672.315 of the Florida Statutes; and 3) breach of a common law warranty. Defendant Pioneer seeks dismissal of all three of these counts.

As to Count I (misrepresentation), Pioneer alleges that Plaintiff, Interfase Marketing, Inc. (hereafter "Interfase"), is precluded from asserting a tort claim for misrepresentation by the "economic loss rule."

■ The Florida Supreme Court addressed in detail the application of the "economic loss rule" in *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 510 So.2d 899 (Fla.1987). The court decided to follow the "majority view that contract principles are more appropriate than tort principles to resolve purely economic claims." *Id.* at 900. A buyer under a contract for the sale of goods may not recover economic losses in tort "without a claim for personal injury or property damage to property other than the allegedly defective goods." *Id.* In addition, this Court refused to make intentional torts, such as misrepresentation, an exception to the "economic loss rule" when "the facts surrounding the tort claim are interwoven with the facts surrounding the breach of contract claim." *Serina v. Albertson's, Inc.*, 744 F.Supp. 1113, 1118 (M.D.Fla.1990).

■ Plaintiff's allegation of misrepresentation against Pioneer are intertwined with the facts alleged in its cause of action for breach of warranty. Plaintiff has not alleged any personal injury or property damage other than the defective computer equipment. Therefore, if an adequate contract remedy exists, the "economic loss rule" would be applicable, and Count I of the amended complaint would have to be dismissed.

■ In Count III of the amended complaint, Interfase states a claim for damages against Pioneer due to Pioneer's breach of an Implied Warranty of Fitness for Particular Purpose pursuant to Florida Statutes § 672.315 (1989). This section provides as follows:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

In support of this claim, Interfase alleges that the lease agreement for the computer equipment is in fact a disguised sales transaction between Pioneer and Interfase, with the financing by Coastal Leasing Company (hereafter "Coastal").

In *Sellers v. Frank Griffin AMC Jeep, Inc.*, 526 So.2d 147 (Fla. 1st DCA 1988), an automobile was leased by a dealership to a customer. The court listed ten factors pertinent in the determination of whether a lease agreement should be treated as a sale under the Uniform Commercial Code (hereafter "UCC"). Assuming that these factors lead to the conclusion that the lease agreement in the present case is actually a disguised sale, this alone does not raise a cause of action against Pioneer for breach of an Implied Warranty of Fitness for Particular Purpose. Under the lease agreement, Coastal is named as Lessor and Interfase is named as Lessee. Pioneer is not listed anywhere in the agreement as being a party thereto. Pioneer is only mentioned as the "Equipment Supplier." In addition, no officer or representative of Pioneer ever signed the lease agreement between Coastal and Interfase. Therefore, finding this lease agreement to be a disguised sales transaction has no effect on Pioneer. *See also, Rudy's Glass Construction Co. v. E.F. Johnson Co.*, 404 So.2d 1087, n. 1 (Fla. 3d DCA 1981).

There are several other cases involving three party sale/lease agreements which

can also be distinguished. In *Xerographic Supplies Corp. v. Hertz Commercial Leasing Corp.*, 386 So.2d 299 (Fla. 3d DCA 1980), Xerographic, the seller, entered into a contract for the sale of a copier to Kenworthy, the buyer. Hertz, a leasing company, entered into a lease agreement with Kenworthy under which Hertz financed the purchase by paying for the copier and leasing it back to Kenworthy. In the present case, there is no evidence of a sales contract between Pioneer and Interfase. There is no evidence that a similar financing arrangement was entered into between Pioneer, Interfase, and Coastal. Since there is no contract between Interfase and Pioneer, Interfase is precluded from recovering from Pioneer for breach of warranty.

In *Earman Oil Co., Inc. v. Burroughs Corp.*, 625 F.2d 1291, 1297 (5th Cir.1980), Burroughs Corporation, the seller, entered into an "Equipment Sale Contract" with Earman Oil Company, the buyer, for the sale of computer equipment. The sale was financed by a lease agreement between NER and Earman whereby NER purchased the equipment from Burroughs and leased it to Earman. The court analyzed the lease agreement both as a true lease and as a financing arrangement. If the lease agreement was a true lease, the provisions of the "Equipment Sale Contract" between Burroughs and Earman defining the rights of third parties governed. If the lease agreement was a financing arrangement, the provisions of the "Equipment Sale Contract" disclaiming certain warranties governed. The present case can be distinguished because there is no evidence of any contract for sale between Pioneer and Interfase. The absence of a contractual relationship between Pioneer and Interfase suggests that the lease agreement between Coastal and Interfase was a true lease.

This result is supported by the provisions of the lease agreement between Coastal and Interfase. Paragraph 11 of the lease states: "IT IS THE INTENT OF THE LESSEE AND LESSOR THAT THIS LEASE BE A TRUE LEASE." This provision along with the absence of a contract for sale between Pioneer and Interfase suggest that this agreement was a true

lease between Interfase and Coastal rather than a financing agreement involving Interfase, Coastal and Pioneer. Under a financing arrangement, it is likely that the contract between the seller and the ultimate user would contain provisions for maintenance and repair. Such an agreement does not exist in the present case.

Since there is no contract between Interfase and Pioneer, Interfase's claim for breach of an Implied Warranty of Fitness for a Particular Purpose under the UCC must fail.

■ In Count V of the amended complaint, Interfase alleges that Pioneer breached a common law Implied Warranty of Fitness for Particular Purpose. This claim fails for the same reasons that Count III fails. There is no contractual relationship between Pioneer and Interfase. The lease agreement is between Coastal, as lessor and Interfase, as lessee. Without evidence of a contractual relationship between Pioneer and Interfase, a common law breach of Implied Warranty of Fitness for Particular Purpose fails.

■ Interfase does not have a contractual remedy against Pioneer, because no contract exists. Therefore, the exceptions to the "economic loss rule" must be examined. Several Florida cases have permitted tort recovery when the plaintiff has no alternative means of recovery. *See, Interstate Securities Corp. v. Hayes Corp.*, 920 F.2d 769, 777 (11th Cir.1991); *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla.1973); *Latite Roofing Co. v. Urbanek*, 528 So.2d 1381 (Fla. 4th DCA 1988). Since Interfase has no contract remedy against Pioneer for the alleged statements made by Pioneer representatives and relied upon by Interfase, the claim of misrepresentation found in Count I of the Amended Complaint must be allowed as an exception to the "economic loss rule."

ORDERED that the motion to dismiss Count III and V of the amended complaint be granted, and the motion to dismiss Count I of the Amended Complaint be denied. The Defendant shall have ten (10)

days from this date in which to answer the complaint.

DONE and ORDERED.