**Alex BUTCHKOSKY, and All Air, Inc., a Florida corporation, Plaintiffs,**

v.

**ENSTROM HELICOPTER CORPORATION, a Delaware corporation, and William R. Ciszewski, Defendants.**

No. 91–10007–CIV.

United States District Court, S.D. Florida.

Feb. 7, 1992.

Marc David Sarnoff, Sarnoff & Bayer, Coconut Grove, Fla., Leon Margules, Entin, Schwartz, Goldman, Margules & Moore, Miami, Fla., for plaintiffs Alex Butchkosky and All Air, Inc..

Arthur C. Moller, III, Miami, Fla., for defendant Enstrom Helicopter Corp.

James W. Jarvis, Jarvis, Roffino & Villasante, Coral Gables, Fla., for defendant William R. Ciszewski.

### ORDER DENYING ENSTROM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

This cause comes before the Court upon the motion for partial summary judgment of defendant Enstrom Helicopter Corporation ("Enstrom"), pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Plaintiff All Air, Inc. ("All Air") filed a response, Enstrom a reply, and All Air a supplemental memorandum. Enstrom argues that summary judgment should be granted on All Air's claim for lost profits and consequential damages because Florida's economic loss rule precludes a tort action where no personal injury or property damage is alleged.

### I.   FACTUAL BACKGROUND

This product liability action arises out of the crash of an Enstrom F–28A helicopter on May 13, 1990, at Adventure Island, near Marathon, Florida. Plaintiff Alex Butchkosky was operating the aircraft, which was owned by plaintiff All Air, Inc.[1] Butchkosky operated the helicopter for the purpose of providing sightseeing tours for profit. Am. Complaint at ¶ 7. On the day of the accident, Butchkosky was allegedly carrying two passengers on a routine flight when the tail rotor of the helicopter malfunctioned, causing the helicopter to crash into the sea. Am. Complaint at ¶¶ 7–8.

---

1. Butchkosky was the president and principle    shareholder of All Air. Am. Complaint at ¶ 7.

The helicopter was allegedly manufactured by defendant Enstrom, and some maintenance work was allegedly performed by defendant William R. Ciszewski.

The amended complaint alleges that Enstrom is liable under strict liability, negligence, and breach of warranty theories, and that Ciszewski is liable in negligence. This Court previously granted Enstrom's motion for partial summary judgment on the breach of warranty claim,[2] and also granted Enstrom's motion for judgment on the pleadings regarding the plaintiffs' punitive damages claim. *See* Court Order of August 22, 1991. On September 9, 1991, Enstrom filed this motion for partial summary judgment on All Air's claim for lost profits and consequential damages. The Court heard oral argument on the motion on January 28, 1992.

## II. SUMMARY JUDGMENT

Under Rule 56, summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. For the reasons stated below, the Court finds that Enstrom is not entitled to judgment as a matter of law, and will deny the motion for partial summary judgment.

■ All Air seeks economic damages pursuant to the tort theories of strict liability and negligence. However, as Enstrom argues, Florida law does not permit a purchaser of goods or services to recover economic damages in tort without a claim for personal injury or property damage. This is known as the "economic loss rule." *See, e.g., AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180 (Fla.1987); *Florida Power & Light Co. v. Westinghouse Electric Corp.,* 510 So.2d 899 (Fla.1987); *GAF Corp. v. Zack,* 445 So.2d 350 (Fla. 3d DCA 1984).

Enstrom argues that it is undisputed that All Air, a corporation, did not suffer any personal injury or property damage. All Air argues that there are material facts in dispute, and second, that the complaint on its face asks for property and personal injury damages.

This Court believes that the focus of the parties, as evidenced by their initial briefing, is misplaced. While Florida law may preclude recovery for purely economic losses in some instances, this is because courts have found that "contract principles [are] more appropriate than tort principles for resolving economic loss without an accompanying physical injury or property damage." *FP & L,* 510 So.2d at 902. Where no contract action exists,[3] the threshold question is whether the economic loss rule applies at all.

## A. THE FLORIDA ECONOMIC LOSS RULE

In *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), the United States Supreme Court held that a plaintiff may not recover from the manufacturer for injury to the product itself under strict liability or negligence. The Court found that contract law was well-suited for commercial controversies such as the one at issue because the parties could bargain and set the terms of their agreement. Although *East River* was an admiralty case, the Court's "economic loss rule" has been widely accepted in a majority of state jurisdictions, including Florida.

■ The Florida Supreme Court enunciated the Florida economic loss rule in *Florida Power & Light Co. v. Westinghouse Electric Corp.,* 510 So.2d 899 (Fla.1987), resolving a certified question from the Eleventh Circuit. The court held that contract principles are more appropriate than tort principles to resolve purely economic losses resulting from the purchase of a product where there are no personal injury

---

**2.** This Court held that

[i]nasmuch as the plaintiffs seek recovery under side-by-side theories (breach of warranty and strict liability), and Florida courts have abolished the no-privity, breach of implied warranty cause of action for personal injury, the court is compelled to grant the defendant's motion for partial summary judgment. Court Order of August 22, 1991, at 2.

**3.** All Air allegedly purchased the helicopter from a third party.

or property damage claims. Quoting Justice Traynor, the Florida Supreme Court stated: "'A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will.'" *FP & L*, 510 So.2d at 901 (quoting *Seely v. White Motor Co.*, 63 Cal.2d 9, 18, 45 Cal.Rptr. 17, 23, 403 P.2d 145, 151 (1965)). In *AFM Corp. v. Southern Bell Telephone & Telegraph Co.*, 515 So.2d 180 (Fla.1987), a case involving the purchase of services rather than goods, the Florida Supreme Court reiterated that there is no tort action in Florida for breach of a contract duty absent a claim for personal injury or property damage. The *AFM* court stated that even the most flagrant breach of contract does not warrant damages unless the breach is accompanied by behavior that amounts to an independent tort; rather, the action must sound solely in contract. *Id.* at 181.

By its definition, then, Florida's economic loss rule precludes tort claims for purely economic losses between parties in contractual privity when there is no personal injury or property damage. The question remains, however, whether the economic loss rule applies when there is no contract between the parties.

## B. THE ECONOMIC LOSS RULE FOR PARTIES NOT IN PRIVITY

■ In this case, the Court previously held that there is no privity of contract between the parties to support a claim under a breach of warranty theory, and as such a contract claim is not available here.[4] *See* Court Order of August 22, 1991. The law is not clear whether the economic loss rule applies in such a situation.

The defendant argues that the rule does apply, relying on *American Universal Insurance Group v. General Motors Corp.*, 578 So.2d 451 (Fla. 1st DCA 1991), in which

the First District Court of Appeal rejected the plaintiff insurance company's argument that the economic loss rule applies only where there are alternative theories of recovery. The court said that a buyer may bargain for a warranty or opt to forego the warranty in order to pay a lower purchase price, or obtain insurance against economic loss. *Id.* at 455. Like here, there was no privity of contract between the insurance company's subrogee and the manufacturer, and thus an action based on implied warranty was precluded. *Id.* at 454. In rejecting the claim, however, the court noted that the plaintiff's argument "overlooks that a contract action remains pending against the seller of the allegedly defective product." *Id.* at 454–55. Therefore, the court reasoned that no public policy considerations justified extending strict product liability to that situation. *Id.*

The defendant argues that public policy here also militates against recovery. All Air could have protected its interests by other "reasonable" means; i.e., insurance. *See American Universal*, 578 So.2d at 455. This Court cannot agree. Rejecting the plaintiff's claim here would mean that it could not recover anywhere under any theory. As All Air argues, it had no opportunity to bargain for the allocation of risk with Enstrom. Moreover, the plaintiff argues that insurance is in part premised on the idea of subrogation rights, such that the insurance carrier could turn around and sue for what it paid to the insured.

This Court declines to grant the defendant summary judgment based on *American Universal*, which is not binding on this Court. The *American Universal* court based its holding at least in part on the fact that there was a contract action available and in fact pending against the seller of the allegedly defective product. *See id.* at 454–55. To hold that the plaintiff has no means of recourse would be to preclude strict liability actions, which is clearly not the intent of the economic loss rule.

---

4. Indeed, in its memorandum in support of that motion, the defendant argued that "Plaintiffs are not without redress as they have asserted a cause of action for strict liability." Enstrom's Mo. for S/J on Breach of Warranty Claim, at 7.

Several other courts have held that the economic loss rule does not apply when there is no alternative theory of recovery. For instance, the Middle District of Florida recently allowed the plaintiff computer lessee to maintain a misrepresentation claim against a supplier where there was no contractual relationship between the parties in *Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc.*, 774 F.Supp. 1351 (M.D.Fla.1991). The court dismissed a breach of warranty claim, then held:

> Since Interfase has no contract remedy against Pioneer for the alleged statements made by Pioneer representatives and relied upon by Interfase, the claim of misrepresentation ... must be allowed as an exception to the "economic loss rule."

*Id.* at 1354; *see also Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc.*, 774 F.Supp. 1355, 1359–60 (M.D.Fla.1991).

The *Interfase* court reached its conclusion after a thorough analysis of the economic loss rule and what it called the "exceptions" to the rule—*Interstate Securities Corp. v. Hayes Corp.*, 920 F.2d 769 (11th Cir.1991), *reh'g en banc denied*, 929 F.2d 704 (11th Cir.1991); *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla.1973); and *Latite Roofing Co. v. Urbanek*, 528 So.2d 1381 (Fla. 4th DCA 1988). These cases support this Court's reading of the intent and purpose of the economic loss rule.

In *Interstate Securities*, the Eleventh Circuit held that a client could not recover in tort for a securities firm's alleged breach of fiduciary duty and negligent handling of an account, as there was an alternative means of recovery under a breach of contract theory. 920 F.2d at 774–76. Permitting tort recovery, the court noted, would tend to undermine a central function of a contract—the allocation of risks among the parties. *Id.* at 777 n. 12. In the case at bar, there was no opportunity for bargaining between the parties and no alternative means of recovery.

Second, the Florida Supreme Court in *A.R. Moyer* permitted a recovery for economic losses where there was no personal injury or property damage in a case where there was no privity between the parties. Indeed, the Florida Supreme Court subsequently differentiated *A.R. Moyer* from economic loss rule cases in *AFM*[5]: "Since there was no contract under which the general contractor could recover his loss [from the allegedly negligent architect in *A.R. Moyer*], we concluded he did have a cause of action in tort." *AFM*, 515 So.2d at 181.

Finally, the *Latite Roofing* court also reached the same conclusion after examining the economic loss doctrine, holding that "it seems clear that invocation of the rule precluding tort claims for only economic losses applies only where there are alternative theories of recovery better suited to compensate the damaged party for a peculiar kind of loss." 528 So.2d at 1383. The Court agrees that this would be the only logical conclusion where there is no contract between the parties, and hereby approves and adopts the reasoning of these cases. The Court holds that the economic loss rule does not apply to the case at bar.

### III. CONCLUSION

For these reasons, the Court finds that the plaintiffs do have a cause of action in tort for economic loss, and summary judgment for defendant Enstrom must be denied. The Court does not need to reach the issue of whether any material facts are in dispute.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that defendant Enstrom's motion for partial summary judgment is DENIED.

DONE and ORDERED.

---

5. The *FP & L* court was careful to note that the economic loss rule it announced "is not a new principle of law in Florida and has not changed or modified any decisions of this court." 510 So.2d at 902.