NORTHCUTT, Judge.
William Bell purchased a new pontoon boat from Family Boating & Marine Centers of Florida, Inc.. He later recovered a judgment against Family Boating for breach of contract and breach of implied warranties, stemming from his dissatisfaction with the paint applied to the pontoons on the boat. We reverse the judgment because Bell’s purchase contract explicitly disclaimed any express warranty from the seller, including any implied warranties of merchantability and fitness for a particular purpose. See McCormick Machinery, Inc. v. Johnson & Sons, Inc., 523 So.2d 651 (Fla. 1st DCA 1988); Rudy’s Glass Constr. Co. v. E.F. Johnson Co., 404 So.2d 1087 (Fla. 3d DCA 1981).
Section 672.316(2), Florida Statutes (1997), provides that in order to exclude the warranty of merchantability, the language must mention merchantability and the writing must be conspicuous. To exclude a warranty of fitness for a particular purpose, the language must express that there are no warranties which extend beyond the description on the face of the agreement. In this case, paragraph 9 of the purchase contract expressly and explicitly disclaimed both a warranty of merchantability and a warranty of fitness for a particular purpose. Accordingly, we reverse the final judgment and direct that judgment be entered for Family Boating in accordance with its motion for directed verdict at trial.
PARKER, A.C.J., and BLUE, J., Concur.