Buford R. EVERETT, et al., Plaintiffs,

v.

DREIS & KRUMP MANUFACTURING COMPANY, et al., Defendants.

No. 88–446–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

June 7, 1988.

S. David Anton, Harvey Schonbrun, P.A., Tampa, Fla., for plaintiffs.

W. Donald Cox, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTIONS TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on motions to dismiss filed by Defendants Dreis & Krump Manufacturing Company and Frontenac Capital Corporation (hereinafter Dreis & Krump and Frontenac Corp.) and Defendant Martin J. Koldyke, filed May 6, and May 17, 1988, respectively, and responses thereto filed June 2, 1988.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

This cause of action was removed to this Court on April 1, 1988. The following facts are alleged by Plaintiffs:

1. Dreis & Krump is an Illinois corporation whose prime business is the manufacturing of machine tools, with the primary place of business being Cook County, Illinois.

2. Defendant Frontenac Corp. is a Delaware corporation which, under the guidance of Koldyke, participates in arranging the lending of money.

3. Defendant Koldyke is a professional investment banker as well as an officer of Frontenac Corp. and Dreis & Krump.

4. In or about May, 1976, all of the stock of Dries & Krump was solely owned by Plaintiffs and other persons or entities related to the Dreis & Krump families. Plaintiffs owned approximately ten percent (10%) of the stock. At that time all of the stockholders of Dreis & Krump, except for Plaintiffs, desired to sell their shares of stock. At that time also, Plaintiff Buford Everett was a member of the Board of Directors and President of Dreis & Krump.

5. On or about June 1, 1976, Buford Everett entered into an agreement with Koldyke to assist him in financing the acquisition of all the stock of Dreis & Krump. Frontenac Corp. was involved in the agreement between Everett and Koldyke. Koldyke acted in bad faith in assisting Plaintiff, in that there was a secret plan for Koldyke and Frontenac Corp. to take-over ownership of Dreis & Krump.

6. In order to close on the acquisition, Buford Everett was forced by Koldyke to accede to certain changes to the original agreement, including executing a consulting agreement with Frontenac Company, another defendant herein.

7. Following the acquisition, Koldyke and another member of the board of directors acted in concert to remove Buford Everett from the board and from control of Dreis & Krump. On April 5, 1978, Buford Everett was replaced as president and chief executive officer.

8. Koldyke purchased Plaintiffs' stock pursuant to a purchase agreement for cash and a consulting agreement to pay Buford Everett consulting fees totaling $440,000.00 between November 12, 1980 and October 31, 1987. That on May 13, 1983, Koldyke caused Dreis & Krump to discontinue payments under the consulting agreement to Plaintiff.

The consulting agreement in question has been filed with this Court as exhibit A to

the complaint. The agreement is dated November 17, 1980, and purports to be an agreement between Buford Everett, an individual residing in Tampa, Florida and Dreis & Krump, an Illinois corporation. The agreement is signed by the president and chief executive officer of Dreis & Krump and Buford Everett.

The complaint contains the following counts: 1) breach of contract against Dries & Krump; 2) fraud and breach of a confidential relationship against Koldyke, Frontenac Corp., Frontenac Company, George Hendrick, Jr., Paul Leach, and Robert Furick; and 3) fraud against all Defendants.

MOTION TO DISMISS OF DEFENDANTS DREIS & KRUMP AND FRONTENAC CORP.

Defendants first allege as a basis for dismissal that they have committed no act sufficient to invoke long-arm jurisdiction. Section 48.193(1)(g), Florida Statutes, commonly known as the long-arm statute, subjects to Florida jurisdiction any person "Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Section 48.193(1)(b), Florida Statutes, subjects any person who commits a tortious act within the state to the jurisdiction of Florida. The question is whether these Defendants, under the facts of this case, may be subjected to the jurisdiction of this Court by applying the long-arm statute to those facts.

In deciding whether jurisdiction is conferred on this Court over these non-resident Defendants, two questions must be posed and answered in the affirmative: First, the Court must find that Defendants are amenable to service under one or both of the sections of the long-arm statute relied on, 49.193(1)(b) or (g), and, additionally, does the assertion of jurisdiction comport with due process. *Davis v. Pyrofax Gas Corp.*, 492 So.2d 1044 (Fla.1986). Even where there is facial jurisdiction under the Florida long-arm statute, the party over which jurisdiction is asserted must have had sufficient minimum contacts with Florida to satisfy due process requirements.

*Lakewood Pipe of Texas, Inc. v. Rubaii,* 379 So.2d 475 (Fla. 2d D.C.A.1979), citing, *Rebozo v Washington Post Co.,* 515 F.2d 1208 (5th Cir.1975) and *Jack Picard Dodge, Inc. v. Yarbrough,* 352 So.2d 130 (Fla. 1st D.C.A.1977).

Federal due process imposes certain restraints on a state's long-arm statute. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, at 572 (S.D.Fla.1978). The Supreme Court has reaffirmed constitutional due process dictates in regard to exercise of personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–474, 105 S.Ct. 2174, 2181–83, 85 L.Ed.2d 528 (1985).

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co. v Washington,* 326 US [310], at 319, 90 L Ed 95, 66 S Ct [154] 160, 161 ALR 1057. By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v Heitner,* 433 US 186, 218, 53 L Ed 2d 683, 97 S Ct 2569, 2587 (1977) (Stevens, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *World–Wide Volkswagen Corp. v Woodson,* 444 US 286, 297, 62 L Ed 2d 490, 100 S Ct 559, 567 (1980).

Where a forum seeks to assert specific jurisdiction over an out-of-defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v Hustler Magazine, Inc.,* 465 US [770] [774], 79 L Ed 2d 790, 104 S Ct 1473, 1478 (1984), and the litigation results from alleged injuries that "arise out or relate to" those activities, ...

Notwithstanding these considerations, the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State. *International Shoe Co. v Washington,* supra, [326 U.S.] at 316, 90 L Ed 95, 66 S Ct [154] 158, 161 ALR 1057 ... "the foreseeability that is critical to due process analysis ... is that the *defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.*" (Cite omitted) (Footnotes omitted) (Emphasis added).

■ Plaintiffs assert as one basis for invoking jurisdiction over Defendants is that payments to Mr. Buford under the consulting agreement were to be made to him in Florida. Allegations that Defendant Dreis & Krump failed to make payments, per the contract, in Florida is sufficient to bring this action within the ambit of section 48.193(1)(g). *Unger v. Publisher Entry Service, Inc.,* 513 So.2d 674 (Fla. 5th D.C.A. 1987). However, this only satisfies the first of the questions that have to be answered in the affirmative to confer jurisdiction.

The second question is whether or not this assertion of jurisdiction comports with due process. In *In re: Magnacard, Inc.,* (1-28-87), this Court adopted the reasoning of *National Equipment Leasing, Inc. v. Watkins,* 471 So.2d 1369, 1370–1371 (Fla. the D.C.A.1985):

A judicial holding that solely by failing to make contractual payments due in any foreign state the payor impliedly consents to submit himself to the jurisdiction of such foreign state and impliedly agrees that it is reasonable to expect him to defend law actions in such foreign state, exceeds the bounds of common sense and reason and of constitutional due process.... Where a non-resident debtor's *only contact with a forum state is that he did not pay money* that, contractually, he owed and should have paid in the forum state, other courts have held that the debtor had insufficient contacts with the forum state to satisfy due process standards. (Cite omitted) (Footnotes omitted) (Emphasis added).

The Court, upon review of the pleadings in this case and specifically the consulting agreement, concludes that the requirements of due process are met herein. Dreis & Krump entered into a consulting agreement with Buford Everett, a Florida resident, for Everett to provide "advisory and consulting services" at and in the manner, times and places to be agreed upon by the parties. (consulting agreement, paragraph B–3). It was specifically contemplated and agreed that these services would be rendered in Florida. (Affidavit B. Everett). Clearly, Dreis & Krump had more contacts with Florida than just payment of money to Plaintiff in Florida. Dreis & Krump contracted to utilize the services of Plaintiff in Florida. The Court finds that Plaintiffs have established sufficient minimum contacts with Florida as to Defendant Dreis & Krump in order to satisfy due process.

The only parties to the consulting agreement are Plaintiff and Dreis & Krump. Therefore, in order to assert jurisdiction against Defendant Frontenac Corp., Plaintiff must establish another basis for such conferring of jurisdiction. The complaint alleges two counts of common law fraud against Defendant Frontenac Corp., as well as other defendants. Plaintiff asserts that the tortious acts of Defendant Frontenac were sufficient to confer jurisdiction.

■ The commission of a tort for purposes of establishing long-arm jurisdiction does not require physical entry into the state; it does require that the place of injury be within Florida. *International Harvester Co. v. Mann,* 460 So.2d 580 (Fla. 1st D.C.A.1984). An action for fraud requires allegations of a false statement regarding a material fact, knowledge of its falsity, the intention that the lie be acted upon, and injury to the other party caused by reasonable reliance on the representation. *Groome v. Feyh,* 651 F.Supp. 249 (S.D.Fla.1986). Upon review of the complaint in this action, the Court is satisfied that as to Defendant Frontenac Capitol Corporation the complaint fails to assert

**1228**

even the most minimal allegations required to support a claim of fraud, which finding relates to the issue of jurisdiction, as well as Defendant Frontenac Corp.'s third issue of the motion to dismiss, failure to plead fraud with particularity. Therefore, as to Defendant Frontenac Corp. the Court finds due process has not been met in Plaintiffs' attempt to assert long-arm jurisdiction, nor has Plaintiff plead with sufficient particularity fraud.

Issue 2 of the motion to dismiss is failure to state a cause of action because of failure to attach a copy of the consulting agreement upon which the breach of contract is based. The consulting agreement has been filed with the Court and made an exhibit to the complaint. Therefore, this issue is moot.

■ The third issue as to Defendant Dreis & Krump is whether or not Plaintiff has sufficiently plead the elements of fraud. The Court finds, upon review of the complaint, that the complaint is deficient and that it fails to plead fraud with the specificity required by Rule 9(b), Fed.R. Civ.P.

## MOTION TO DISMISS OF DEFENDANT MARTIN J. KOLDYKE

The complaint asserts two counts of fraud against Defendant Koldyke. The motion to dismiss joins the motion to dismiss of Defendants Dreis & Krump and Frontenac Corp. The basis of the Koldyke motion is lack of jurisdiction and failure to plead fraud with particularity. In order to assert long-arm jurisdiction over Defendant Koldyke, Plaintiffs must make sufficient allegations in the complaint to fall within the language of 48.193(1)(b). Specifically, Plaintiffs must plead the elements of the fraud, plead with the specificity required by Rule 9(b), and sufficiently allege that the place of injury was within Florida.

■ A thorough reading of the complaint leads the Court to the conclusion that Plaintiffs have not satisfied the minimum requirements for asserting long-arm jurisdiction, nor have they plead fraud with the specificity required, as to Defendant Koldyke. The allegations are conclusory statements as to the intent of Defendant and to what, if any, statements were made, knowledge of the falsity, intention of reliance by the other party, and resulting injury or place of injury. Accordingly, it is

ORDERED that the motion to dismiss of Defendant Martin J. Koldyke be granted and the motion to dismiss of Defendants Dreis & Krump and Frontenac Capital Corp. be granted in part and denied in part, in accord with the preceding paragraphs. Plaintiff have fifteen (15) days to file an amended complaint. If an amended complaint is not filed Defendants Koldyke and Frontenac Corp. and the fraud claims against Dreis & Krump will be dismissed from this action.