INTERFASE MARKETING,
INC., Plaintiff,

v.

PIONEER TECHNOLOGIES GROUP,
INC., Digital Equipment Corporation,
and KSH Systems, Inc., Defendants.

No. 91–572–Civ–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 27, 1991.

See also 774 F.Supp. 1351.

**1356**

William Cook Ballard, Fisher & Sauls, P.A., St. Petersburg, Fla., for plaintiff Interfase Marketing, Inc.

James Alexander Bledsoe, Jr., Bledsoe, Schmidt, Lippes & Adams, Jacksonville, Fla., for defendant Pioneer Technologies Group, Inc.

Willa Clarissa Broughton, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., C. David Vaughan, Vaughan & Murphy, Atlanta, Ga., for defendant Digital Equipment Corp.

Stephen J. Powell, Holland & Knight, Tampa, Fla., for defendant KSH Systems, Inc.

## ORDER ON MOTION TO DISMISS

### KOVACHEVICH, District Judge.

This cause of action is before the Court on Defendant KSH Systems, Inc.'s (hereafter "KSH") motion to dismiss Counts JI, IV, and VI of the Amended Complaint, filed on August 16, 1991, and opposition thereto, filed August 29, 1991.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view that complaint in the light most favorable to the plaintiff. *Scheuer v.*

*Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The amended complaint in this action was filed June 17, 1991, by Plaintiff Interfase Marketing, Inc. (hereafter "Interfase") against KSH, Pioneer Technologies Group, Inc. (hereafter "Pioneer"), and Digital Equipment Corporation. The complaint contained the following causes of action against Defendant KSH: 1) negligent misrepresentation; 2) breach of an implied warranty of fitness for a particular purpose as provided by § 672.315 of the Florida Statutes; and 3) breach of a common law warranty. Defendant KSH seeks dismissal of all three of these counts based upon lack of personal jurisdiction and failure to state a claim.

## LACK OF JURISDICTION

■ KSH is a California corporation that is not registered to do business in the state of Florida. In deciding whether jurisdiction is conferred on this Court over KSH, two specific issues must be addressed. First, the Court must find that KSH is amenable to service under either of the provisions of the long-arm statute that Plaintiff relies upon in their amended complaint. *Everett v. Dreis & Krump Manufacturing Company*, 685 F.Supp. 1224, 1226 (M.D.Fla.1988). Second, the Court must find that assertion of jurisdiction over KSH comports with the requirements of due process. *Id.* Only if both of these are found to be true, can this Court take jurisdiction over KSH.

Plaintiff relies on two sections of the Florida long-arm statute to claim jurisdiction. Florida Statutes § 48.193(1)(g) (1989) subjects any person "breaching a contract in this state by failing to perform acts required by the contract to be performed in this state" to the jurisdiction of Florida courts. Florida Statutes § 48.193(1)(b) (1989) subjects any person who commits a tortious act within the state to the jurisdiction of Florida courts.

■ In the present case, § 48.193(1)(g) is not applicable. There is no evidence of a contract between KSH and Interfase. Under the lease agreement attached to the amended complaint, Coastal Leasing Com-

pany (hereafter "Coastal") is named as Lessor and Interface is named as Lessee. KSH is not listed anywhere in the agreement as being a party thereto. KSH is only mentioned as "Equipment Supplier." In addition, no officer or representative of KSH ever signed the lease agreement between Coastal and Interface. Since there is no evidence of a contract between KSH and Interface, § 48.193(1)(g) can not be relied upon to justify jurisdiction of this Court over KSH.

■ The amended complaint, however, does allege sufficient facts to justify jurisdiction under § 48.193(1)(b). The commission of a tort for purposes of establishing long-arm jurisdiction does not require physical entry into the state; however, it does require that the place of injury be within Florida. *International Harvester Co. v. Mann,* 460 So.2d 580 (Fla. 1st DCA 1984). The amended complaint alleges that KSH made false representations that its software would be an "excellent fit" with Interface's proposed computer system. These alleged representations were made in a letter sent by the president of KSH to Interface in Florida. The amended complaint further alleges that Interface justifiably relied on these representations to their detriment. Since Interface is a Florida corporation with a principle place of business in Pinellas County, Florida, any injuries as the result of these alleged misrepresentations occurred within the state. Upon review of the amended complaint, the Court is satisfied that the Plaintiff has alleged sufficient facts to subject KSH to the jurisdiction of this Court pursuant to § 48.-193(1)(b).

■ The second question is whether or not this assertion of jurisdiction comports with due process. Federal due process imposes certain restraints on a state's long-arm statute. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 572 (S.D.Fla.1978). The Supreme Court has reaffirmed constitutional due process dictates in regard to exercise of personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–74, 105 S.Ct. 2174, 2181–83, 85 L.Ed.2d 528 (1985).

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co. v. Washington,* 326 U.S. 310, 319 [66 S.Ct. 154, 160, 90 L.Ed. 95] (1945). By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner,* 433 U.S. 186, 218 [97 S.Ct. 2569, 2587, 53 L.Ed.2d 683] (1977) (Stevens, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazines, Inc.,* 465 U.S. 770, 774 [104 S.Ct. 1473, 1478, 79 L.Ed.2d 790] (1984), and the litigation results from alleged injuries that "arise out or relate to" those activities, ...

Notwithstanding these considerations, the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State. *International Shoe Co. v. Washington,* 326 U.S. at 316 [66 S.Ct. at 158]. ... "[t]he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (Cite omitted) (Footnotes omitted).

■ Upon review of the pleadings and the attached affidavits, the Court concludes that the requirements of due process are met herein. It is alleged that KSH,

through its President Peter A. King–Smith, made certain representations to Interfase in a letter dated January 23, 1989. In addition, KSH representatives made at least three trips to Florida. The first trip was to discuss Interfase's computer needs which resulted in a proposal for sale. The second trip involved the installation of the KSH software on the equipment in Florida. The third trip involved the training of Interfase personnel in Florida. Finally, KSH permits Pioneer to solicit potential customers within the state of Florida. KSH clearly seeks the benefits of marketing their product in Florida through their relationship with Pioneer. It is only fair that they be subjected to the burden of legal action in Florida courts as well. These factors alone establish sufficient minimum contacts with Florida necessary to satisfy due process.

## FAILURE TO STATE A CLAIM

Since personal jurisdiction over KSH is established pursuant to § 48.193(1)(b) of the Florida long-arm statute and since the minimum contacts requirement of due process is satisfied, the Court must next address whether Interfase has failed to state a cause of action against KSH in Counts II, IV, and VI.

As to Count II (misrepresentation), KSH alleges that Interfase is precluded from asserting a tort claim for misrepresentation by the "economic loss rule."

The Florida Supreme Court addressed in detail the application of the "economic loss rule" in *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 510 So.2d 899 (Fla.1987). The court decided to follow the "majority view that contract principles are more appropriate than tort principles to resolve purely economic claims." *Id.* at 900. A buyer under a contract for the sale of goods may not recover economic losses in tort "without a claim for personal injury or property damage to property other than the allegedly defective goods." *Id.* In addition, this Court refused to make intentional torts, such as misrepresentation, an exception to the "economic loss rule" when "the facts surrounding the tort claim are

interwoven with the facts surrounding the breach of contract claim." *Serina v. Albertson's, Inc.*, 744 F.Supp. 1113, 1118 (M.D.Fla.1990).

Plaintiff's allegation of misrepresentation against KSH are intertwined with the facts alleged in its cause of action for breach of warranty. Plaintiff has not alleged any personal injury or property damage other than the defective computer equipment. Therefore, if an adequate contract remedy exists, the "economic loss rule" would be applicable, and Count I of the amended complaint would have to be dismissed.

■ In Count IV of the amended complaint, Interfase states a claim for damages against KSH due to KSH's breach of an Implied Warranty of Fitness for Particular Purpose pursuant to Florida Statutes § 672.315 (1989). This section provides as follows:

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

In support of this claim, Interfase alleges that the lease agreement for the computer equipment is in fact a disguised sales transaction between KSH and Interfase, with the financing by Coastal Leasing Company (hereafter "Coastal").

In *Sellers v. Frank Griffin AMC Jeep, Inc.*, 526 So.2d 147 (Fla. 1st DCA 1988), an automobile was leased by a dealership to a customer. The court listed ten factors pertinent in the determination of whether a lease agreement should be treated as a sale under the Uniform Commercial Code (hereafter "UCC"). Assuming that these factors lead to the conclusion that the lease agreement in the present case is actually a disguised sale, this alone does not raise a cause of action against KSH for breach of an Implied Warranty of Fitness for Particular Purpose. Under the lease agreement, Coastal is named as Lessor and Interfase is

named as Lessee. KSH is not listed anywhere in the agreement as being a party thereto. KSH is only mentioned as the "Equipment Supplier." In addition, no officer or representative of KSH ever signed the lease agreement between Coastal and Interfase. Therefore, finding this lease agreement to be a disguised sales transaction has no effect on KSH. *See also, Rudy's Glass Construction Co. v. E.F. Johnson Co.*, 404 So.2d 1087, n. 1 (Fla. 3d DCA 1981).

There are several other cases involving three party sale/lease agreements which can also be distinguished. In *Xerographic Supplies Corp. v. Hertz Commercial Leasing Corp.*, 386 So.2d 299 (Fla. 3d DCA 1980), Xerographic, the seller, entered into a contract for the sale of a copier to Kenworthy, the buyer. Hertz, a leasing company, entered into a lease agreement with Kenworthy under which Hertz financed the purchase by paying for the copier and leasing it back to Kenworthy. In the present case, there is no evidence of a sales contract between KSH and Interfase. There is no evidence that a similar financing arrangement was entered into between KSH, Interfase, and Coastal. Since there is no contract between Interfase and KSH, Interfase is precluded from recovering from KSH for breach of warranty.

In *Earman Oil Co., Inc. v. Burroughs Corp.*, 625 F.2d 1291, 1297 (5th Cir.1980), Burroughs Corporation, the seller, entered into an "Equipment Sale Contract" with Earman Oil Company, the buyer, for the sale of computer equipment. The sale was financed by a lease agreement between NER and Earman whereby NER purchased the equipment from Burroughs and leased it to Earman. The court analyzed the lease agreement both as a true lease and as a financing arrangement. If the lease agreement was a true lease, the provisions of the "Equipment Sale Contract" between Burroughs and Earman defining the rights of third parties governed. If the lease agreement was a financing arrangement, the provisions of the "Equipment Sale Contract" disclaiming certain warranties governed. The present case can be distinguished because there is no evidence of any

contract for sale between KSH and Interfase. The absence of a contractual relationship between KSH and Interfase suggests that the lease agreement between Coastal and Interfase was a true lease.

This result is supported by the provisions of the lease agreement between Coastal and Interfase. Paragraph 11 of the lease states: "IT IS THE INTENT OF THE LESSEE AND LESSOR THAT THIS LEASE BE A TRUE LEASE." This provision along with the absence of a contract for sale between KSH and Interfase suggest that this agreement was a true lease between Interfase and Coastal rather than a financing agreement involving Interfase, Coastal and KSH. Under a financing arrangement, it is likely that the contract between the seller and the ultimate user would contain provisions for maintenance and repair. Such an agreement does not exist in the present case.

Since there is no contract between Interfase and KSH, Interfase's claim for breach of an Implied Warranty of Fitness for a Particular Purpose under the UCC must fail.

In Count VI of the amended complaint, Interfase alleges that KSH breached a common law Implied Warranty of Fitness for Particular Purpose. This claim fails for the same reasons that Count III fails. There is no contractual relationship between KSH and Interfase. The lease agreement is between Coastal, as lessor and Interfase, as lessee. Without evidence of a contractual relationship between KSH and Interfase, a common law breach of Implied Warranty of Fitness for Particular Purpose fails.

Interfase does not have a contractual remedy against KSH, because no contract exists. Therefore, the exceptions to the "economic loss rule" must be examined. Several Florida cases have permitted tort recovery when the plaintiff has no alternative means of recovery. *See, Interstate Securities Corp. v. Hayes Corp.*, 920 F.2d 769, 777 (11th Cir.1991); *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla.1973); *Latite Roofing Co. v. Urbanek*, 528 So.2d

1381 (Fla. 4th DCA 1988). Since Interfase has no contract remedy against KSH for the alleged statements made by KSH representatives and relied upon by Interfase, the claim of misrepresentation found in Count II of the amended complaint must be allowed as an exception to the "economic loss rule."

ORDERED that the motion to dismiss Count IV and VI of the amended complaint be granted, and the motion to dismiss Count II of the Amended Complaint be denied. The Defendant shall have ten (10) days from this date in which to answer the complaint.

DONE and ORDERED.