**CONTROL LASER CORPORATION, a Delaware corporation, Plaintiff,**

v.

**ROCKY MOUNTAIN INSTRUMENT CO., a Colorado corporation, Defendant.**

**No. 6:00-CV-309-ORL-28B.**

United States District Court, M.D. Florida, Orlando Division.

Dec. 13, 2000.

Michael Constantine Marsh, Akerman, Senterfitt & Eidson, Miami, FL, Joseph J. Ortego, Kevin McElroy, Nixon Peabody LLP, Garden City, NY, for Control Laser Corp.

David L, Kolko, Cooper & Kolko, Denver, CO, Michael George Cooksey, Cooksey & Cooksey, P.A., Riviera Beach, FL, Jaffrey C. Pond, Daniel E. Rohner, Moye, Giles, O'Keefe, Vermeire, Denver, CO, for Rocky Mountain Instrument Co.

## *ORDER*

ANTOON, District Judge.

This cause came on for consideration without oral argument on Defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person and for Improper Venue (Doc. 12, filed April 24, 2000) to which Plaintiff has filed a Response (Doc. 22, filed July 6, 2000). The United States Magistrate Judge has submitted a Report and Recommendation (Doc. 27, filed July 14, 2000) recommending this Motion be denied. Noting that no objections to the Report and Recommendation have been filed, it is **ORDERED** and **ADJUDICATED** as follows:

1. The Report and Recommendation is **ADOPTED.**

2. Defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person and

for Improper Venue (Doc 12, filed April 24, 2000) is **DENIED.**

## REPORT AND RECOMMENDATION

BAKER, United States Magistrate Judge.

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

MOTION:  DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE PERSON AND FOR IMPROPER VENUE (Doc. No. 12)

FILED:  April 24, 2000

THEREON it is RECOMMENDED that the motion be DENIED.

This is an action for breach of contract and breach of implied and express warranties. Defendant, a Colorado corporation, moves to dismiss, asserting that the Court lacks personal jurisdiction and that venue is improper. The Court has reviewed the record, including the Affidavits filed by the parties, and the applicable law. The motion is due to be **DENIED.**

### STANDARDS OF LAW

Where the Court does not conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a *prima facie* case of jurisdiction over the defendant by presenting "sufficient evidence to defeat a motion for directed verdict." *Structural Panels v. Texas Aluminum Industries*, 814 F.Supp. 1058, 1063 (M.D.Fla.1993), *quoting Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir.1990). The Court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by the defendant's affidavits. *Id.* at 855. Where there is conflicting evidence, the Court must construe all reasonable inferences in favor of the plaintiff. *Id.*

In order to determine whether the Court may exercise personal jurisdiction over a nonresident defendant, the Court must determine whether the state long-arm statute permits assertion of jurisdiction; and whether sufficient minimum contacts exist to satisfy the due process requirements of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice" under *International Shoe Co. v. Washington*, 326 U.S. 310, 366, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See Structural Panels*, 814 F.Supp. at 1064.

### FINDINGS OF FACT

For purposes of this motion, the Court accepts the following uncontradicted allegations of the Complaint as true. Plaintiff is a Delaware corporation with its principal place of business in Orange County, Florida (Doc. No. 1, allegation 6). Defendant is a Colorado corporation. The parties negotiated and entered into an agreement whereby Defendant would sell and deliver to Plaintiff mirrors, pursuant to certain specifications, for Plaintiff's use in the manufacture of laser machines for commercial use (Allegations 7, 10). Plaintiff alleges that it issued numerous purchase orders (attached to the complaint as an exhibit) for hundreds of mirrors (Allegation 20). The Complaint asserts that Defendant failed to deliver all the mirrors ordered, or delivered mirrors in an untimely manner (Allegation 21), and that the mirrors that were delivered were defective (Allegation 25). Telephone conversations between the parties were had (Allegations 27 and 41), as well as communications by letters and facsimiles (*See, for example*, Allegations 16, 17, 30, and 31).

The Affidavit of Defendant's corporate secretary (Doc. No. 13) indicates that Defendant is not licensed to do business in Florida, has no bank accounts, office, employees, agents, telephone numbers or business operations in Florida, and that the purchase orders were "received and accepted" in Colorado, and the goods manufactured in and shipped from Colorado.

The Affidavit of Charles Wade of Control Laser Corporation (Doc. No. 22, Exhibit 1) reiterates the multiple telephone conversations, facsimiles and correspondence sent by Defendant to Plaintiff in Florida, and states that Defendant delivered defective mirrors to Plaintiff in Florida.

As is clear on the uncontroverted facts, Defendant negotiated with Plaintiff by phone calls placed to Plaintiff in Florida and facsimiles sent to Plaintiff in Florida and correspondence sent to Plaintiff in Florida and agreed to manufacture and ship mirrors to Plaintiff in Florida.

### ANALYSIS

As Plaintiff's causes of action are state law claims, before the Court on the basis of diversity jurisdiction, the Court looks to Florida's long-arm statute. Florida Statute § 48.193 provides:

1. Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

   a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

   .    .    .    .    .

   g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

■ The undisputed facts compel a conclusion that Defendant was conducting business in the state of Florida. Defendant negotiated with Plaintiff via phone calls, correspondence and facsimile sent to Florida, contracted with a Florida resident, for delivery of a finished product to the Florida resident in Florida, and accepted payments sent from Florida. Plaintiff has established that Defendant was conducting a "general course of business activity in the State for pecuniary benefit." *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir.1996) (internal citation omitted).

Moreover, the delivery of non-defective mirrors was to occur, according to the purchase orders, in Florida. To the extent the Complaint asserts failure to deliver non-defective items, Defendant "failed to perform acts required by the contract to be performed in Florida."

The Court next considers whether the assertion of jurisdiction over Defendant survives the due process test. As this Court noted in *Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc.,* 774 F.Supp. 1355 (M.D.Fla.1991):

Federal due process imposes certain restraints on a state's long-arm statute. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 572 (S.D.Fla.1978) ... The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe, Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (Stevens, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ...

Notwithstanding these considerations, the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State. *International Shoe Co. v. Washington,* 326 U.S. at 316, 66 S.Ct.

154 ... "[t]he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (Cite omitted) (footnotes omitted).

774 F.Supp. at 1357.

The facts as set forth in the pleadings and the declarations establish that the Defendant has the requisite minimum contacts with the state. Defendant willingly participated in negotiations with and manufactured the mirrors pursuant to the specifications of and for the Florida Plaintiff. Defendant delivered the goods in question to the Florida Plaintiff within Florida and received a pecuniary benefit from the sales. Having purposely availed itself of the privilege of conducting business in Florida, Defendant should have reasonably anticipated that it could be sued with respect to that business here.[1]

Having established that Defendant has met the minimum contacts requirement, we must determine whether or not the exercise of personal jurisdiction over it would transgress traditional notions of fair play and substantial justice. *Cable/Home Communication,* 902 F.2d at 858. In making this determination, the Court considers the contacts in light of these factors: 1) the burden on the defendant in defending the lawsuit; 2) Florida's interest in adjudicating the dispute; 3) Plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the states in furthering fundamental substantive social policies. *Cronin v. Washington National Ins. Co.,* 980 F.2d 663, 671 (11th Cir.1993). Reviewing these factors, the court finds the exercise of personal jurisdiction over Defendant to be appropriate and does not violate traditional notions of fair play and substantial justice.

The burden on Defendant in litigating the suit here appears to be no more than the burden on Plaintiff to litigate in Colorado. Moreover, Florida has a strong interest in adjudicating disputes involving its residents and those who do business with its residents. Defendant has failed to identify or support any factor which tips the scales in its favor.

The Court concludes that the exercise of personal jurisdiction over Defendant is appropriate and the motion should therefore be **DENIED.**

To the extent that the motion alleges improper venue, this, too, must be **DENIED.** Venue is proper in this District under 28 U.S.C. § 1391(a), as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Although certain events did occur in Colorado, it is plain that a substantial part of the events occurred in Florida. Moreover, as explained above, Defendant is subject to personal jurisdiction here.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

July 14, 2000.

---

1. Conspicuously absent from Defendant's Affidavit is a statement that this is the only time Defendant ever sold and delivered goods in Florida. According to its website, *www.rmico.com,* Defendant holds itself out as the "ultimate optics and coatings company" and a "world class, international company" inviting customers to "contact RMI with your specific problem and let us by [sic] your custom solution." Defendant cannot claim that it is a stranger to Florida.